IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JITTAWEE BEAR CUB,<br><br>Defendant. | CR 18-83-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Jittawee Bear Cub (Bear Cub) has been accused of violating the conditions of his supervised release. Bear Cub admitted alleged violations 1, 2, 3, 4, 7, 8, 10 and 12. Bear Cub denied alleged violations 5, 6, 9 and 11. The Court dismissed alleged violation 5 on the government's motion. The government satisfied its burden of proof with respect alleged violations 6, 9 and 11. Bear Cub's supervised release should be revoked. Bear Cub should be placed in custody for 4 months, with 13 months of supervised release to follow. The sentence imposed in this case should run concurrent with the sentences imposed in Causes CR 05-09-GF-BMM and CR 07-117-GF-BMM. Bear Cub should serve his term of custody in the Roosevelt County Detention Center in Wolf Point,

Montana, if possible.

## II. Status

Bear Cub pleaded guilty to being an Inmate in Possession of a Prohibited Object in the Eastern District of Texas on December 22, 2014. (Doc. 2). The Court sentenced Bear Cub to 18 months of custody, followed by 3 years of supervised release. (Doc. 2-2). Bear Cub's current term of supervised release began on March 26, 2021. (Doc. 51 at 3).

**Petition**

The United States Probation Office filed an Amended Petition on April 6, 2021, requesting that the Court revoke Bear Cub's supervised release. (Doc. 51). The Amended Petition alleges that Bear Cub violated the conditions of his supervised release: 1) by failing to report to his probation officer within 72 hours of his release from prison; 2) by failing to report to his probation officer as directed on two separate occasions; 3) by failing to notify his probation officer of a change in residence; 4) by failing to report a contact with law enforcement; 5) by failing to register as a sex offender; 6) by failing to report for sex offender treatment; 7) by failing to report for substance abuse treatment; 8) by failing to report for substance abuse testing; 9) by using methamphetamine; 10) by possessing a dangerous weapon; and 11) by possessing methamphetamine.

**Initial appearance**

Bear Cub appeared before the undersigned for his initial appearance on April 13, 2021. Bear Cub was represented by counsel. Bear Cub stated that he had read the petition and that he understood the allegations. Bear Cub waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing on April 13, 2021, in this case, in Cause CR 05-09-GF-BMM and in Cause CR 07-117-GF-BMM. Bear Cub admitted that he had violated the conditions of his supervised release: 1) by failing to report to his probation officer within 72 hours of his release from prison; 2) by failing to report to his probation officer as directed on two separate occasions; 3) by failing to notify his probation officer of a change in residence; 4) by failing to report a contact with law enforcement; 5) by failing to report for substance abuse treatment; 6) by failing to report for substance abuse testing; and 7) by possessing methamphetamine. The Court dismissed alleged violation 5 on the government's motion. The government satisfied its burden of proof with respect alleged violations 6, 9 and 11. The violations that Bear Cub admitted and that the government proved are serious and warrant revocation of Bear Cub's supervised

release.

Bear Cub's violations are Grade C violations. Bear Cub's criminal history category is IV. Bear Cub's underlying offense in this case is a Class D felony. Bear Cub's underlying offense in Cause CR 05-09-GF-BMM is a Class C felony. Bear Cub's underlying offense in Cause CR 07-117-GF-BMM is a Class A felony. Bear Cub could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 17 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months in this case.

### III. Analysis

Bear Cub's supervised release should be revoked. Bear Cub should be incarcerated for 4 months, with 13 months of supervised release to follow. This sentence is sufficient but not greater than necessary. The sentence imposed in this case should run concurrent with the sentences imposed in Causes CR 05-09-GF-BMM and CR 07-117-GF-BMM. Bear Cub should serve his term of custody in the Roosevelt County Detention Center in Wolf Point, Montana, if possible.

### IV. Conclusion

The Court informed Bear Cub that the above sentence would be recommended to United States District Judge Brian Morris. The Court also

informed Bear Cub of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Bear Cub that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Bear Cub stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Jittawee Bear Cub violated the conditions of his supervised release: by failing to report to his probation officer within 72 hours of his release from prison; by failing to report to his probation officer as directed on two separate occasions; by failing to notify his probation officer of a change in residence; by failing to report a contact with law enforcement; by failing to report for sex offender treatment; by failing to report for substance abuse treatment; by failing to report for substance abuse testing; by using methamphetamine; by possessing a dangerous weapon; and by possessing methamphetamine.

The Court **RECOMMENDS:**

> That the District Court revoke Bear Cub's supervised release and commit Bear Cub to the custody of the United States Bureau of Prisons for 4 months, with 13 months of supervised release to follow. The sentence imposed in this case should run concurrent with the sentences imposed in Causes CR 05-09-GF-BMM and CR 07-117-GF-BMM. Bear Cub should serve his term of custody in the Roosevelt County Detention Center in Wolf Point, Montana, if possible.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 14th day of April, 2021.

John Johnston
United States Magistrate Judge